# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN TOWNSEND, ) | 1:06-cv-00079-OWW-TAG HC |
| ) | |
| Petitioner, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | TO DISMISS PETITION FOR |
| ) | WRIT OF HABEAS CORPUS (Doc. 1) |
| ) | |
| PAUL M. SCHULTZ, Warden, ) | ORDER DENYING PETITIONER'S MOTION |
| ) | TO PRODUCE DOCUMENTS (Doc. 3) |
| Respondent. ) | |
| ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner, currently serving federal sentences of 360 months and 60 months at the United States Penitentiary Victorville, Adelanto, California[1], based on convictions and sentences in the United States District Court for the Middle District of Florida, filed the instant federal petition on January 25, 2006. (Doc. 1). In his petition, Petitioner asserts four grounds for relief: (1) the District Court for the Middle District of Florida erred at sentencing by considering matters that should have been determined by a jury, pursuant to the U.S. Supreme Court's decision in Booker;[2] (2) had the sentencing court considered the federal sentencing guidelines as "advisory" rather than "mandatory," Petitioner would have received a lesser sentence; (3) Petitioner's sentence is illegal and exceeds the maximum permitted by federal statute; and (4) the sentencing

---

[1] The petition for writ of habeas corpus reflects that Petitioner was incarcerated at the United States Penitentiary Atwater, Atwater, California when the petition was filed. In a written notice of change of address filed June 1, 2006, Petitioner advised the Court that his new address is the United States Penitentiary Victorville, P.O. Box 5600, Adelanto, California . (Doc. 5).

[2] Although "Booker" is the extent of Petitioner's reference in his petition, the Court assumes Petitioner is referring to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the United States Supreme Court case that, inter alia, held the federal sentencing guidelines to be "advisory" rather than "mandatory."

1

court erred in sentencing Petitioner as a career offender without providing proper notice beforehand. (Doc. 1, pp. 4-5).

## DISCUSSION

### A. The Petitioner's Claims Are Not Appropriate Federal Habeas Claims.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

The petition's claims of sentencing errors by the United States District Court for the Middle District of Florida challenge the validity of his conviction and sentence. Thus, Petitioner is precluded from raising these claims in a petition filed pursuant to § 2241.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-865 (9th Cir. 2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id.; Ivy v. Pontesso, 328 F.3d 1057

1  (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to
2  raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Aronson v. May, 85
3  S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255
4  inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); see Moore v. Reno,
5  185 F.3d 1054, 1055 (9th Cir. 1999) (§ 2255 not inadequate or ineffective merely because a
6  particular petitioner's § 2255 motion is procedurally barred); Tripati, 843 F.2d at 1162-1163
7  (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);
8  Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th
9  Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural
10 requirements of § 2255 may not be circumvented by invoking the All Writs Act,
11 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or
12 ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).
13      In this case, Petitioner's direct challenge to his sentence is inappropriately raised in a
14 petition filed pursuant to § 2241.  Petitioner provides no grounds supporting review pursuant to
15 § 2241, rather than via § 2255, and the Court can find none.  Nor does Petitioner provide any
16 facts or circumstances that would establish that § 2255 is either inadequate or ineffective.
17 Although Petitioner does allege that he has previously attempted to proceed via § 2255 in the
18 Middle District of Florida, the petition indicates that such motion, which was denied on March 8,
19 2000, only addressed the district court's denial of a suppression motion during trial, and did not
20 raise the issues presented in the instant petition.  (Doc. 1, p. 4).
21      Petitioner does not indicate that he has ever attempted to bring a motion pursuant to
22 § 2255 in the Middle District of Florida raising the grounds which he now asserts in this petition.
23 The Court notes that United States v. Booker, 543 U.S. 220 (2005) was decided on January 12,
24 2005.  Thus, Petitioner has had ample time to raise any Booker-related issues in the Middle
25 District of Florida under § 2255.  Although § 2255 does contain a one-year statute of limitations,
26 as noted above, the section is not inadequate or ineffective merely because Petitioner misses the
27 statute of limitations.  See Moore v. Reno, 185 F.3d at 1055 (§ 2255 not inadequate or ineffective
28 merely because a particular petitioner's § 2255 motion is procedurally barred).  Should Petitioner

1  wish to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside
2  pursuant to 28 U.S.C. § 2255.[3]  In light of the foregoing, the instant petition should be
3  DISMISSED.
4        B.  <u>The Motion To Produce Documents</u>.
5        On January 26, 2006, Petitioner filed a "Motion for Mandamus and Prohibition Pursuant
6  to Rule 21 F. Rules Civ. P." (Doc. 3).  The motion alleges that two incident reports have been
7  filed against Petitioner for assaulting prison personnel, that the reports are false, that Petitioner
8  has sought to obtain internal investigation reports to use in his defense at his disciplinary hearing,
9  and that he has been told such reports cannot "be used as an defensive measuer [sic] at the
10 disciplainary [sic] hearing." (Doc. 3, pp. 1-2).  Petitioner requests an order requiring prison
11 officials "to maintain all files, documents, memorandums, vedio, etc., that may retain
12 information, or evidence that could affect the outcome of the petitioner's appeals, and future
13 litigation." (<u>Id.</u> at p. 2).
14       Although Petitioner premises his motion on Fed. R. Civ. P. 21(a)(2)(B), that rule relates
15 solely to the "Misjoinder and Non-Joiner of Parties."  No issue has been raised in these
16 proceedings regarding either the misjoinder or non-joinder of parties.  The Court assumes,
17 therefore, that Petitioner meant to refer to Fed. R. App. P. 21(a)(2)(B), which relates to "Writs of
18 Mandamus and Prohibition, and Other Extraordinary Writs."  However, the Federal Rules of
19 Appellate Procedure govern procedure in the Unites States courts of appeal, not in the district
20 courts.  Fed.R. App.P. 1.  Moreover, Rule 21(a)(2)(B), by its plain meaning, is intended to permit
21 parties, by way of extraordinary writs, to challenge decisions of lower courts.  That necessarily
22 assumes there actually *has been* a decision by a lower court.  Here, Petitioner has not made *any*
23 allegation suggesting that a lower court or disciplinary board or tribunal has made a decision
24 from which Petitioner seeks review or in which the evidence that Petitioner seeks to preserve
25 would be relevant or probative.  Thus, even if, arguendo, Rule 21(a)(2)(B) applied to district

---

[3] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Middle District of Florida.  Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

4

courts, there has been no predicate ruling from which to seek review. Accordingly, the rule provides no legal basis for Petitioner's motion.

However, in an effort to liberally construe Petitioner's motion, the Court will construe it as a motion to produce documents. Under Rule 6(a) of the Rules Governing Section 2254 Cases, the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure...." Subsection (b) of Rule 6 provides that a party must request leave of Court for such discovery and provides reasons therefore.

Rule 34(a) of the Federal Rules of Civil Procedure permits parties, inter alia, to request productions and inspection of "any designated documents or electronically stored information." Such information may include, among other things, "sound recordings, images, and other data or data compilations from which information can be obtained." Fed. R. Civ. P. 34(a). Rule 34(a), however, expressly limits the scope of items produced to "matters within the scope of Rule 26(b)." That rule, in turn, limits discovery to "any matter, not privileged, that is relevant to the claim or defense of any party...." Fed. R. Civ. P. 26(b). For purposes of discovery, relevant information is information "reasonably calculated to lead to the discovery of admissible evidence." Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992).

Based on the foregoing, the Court must deny Petitioner's motion because the information sought by it is not relevant under Rule 26(b) to the claims raised in Petitioner's habeas petition. The items specified in the instant motion deal with entirely unrelated disciplinary proceedings that have no bearing upon, and are not "reasonably calculated to lead to the discovery of admissible evidence" about, Petitioner's challenges to the sentence imposed by the Middle District of Florida. See Surfvivor Media, Inc., 406 F.3d at 635. Accordingly, the matters sought in the instant motion are not discoverable under the Federal Rules of Civil Procedure and thus the motion must be denied. See id.; Fed. R. Civ. P. 26(b).

Moreover, because of the nature of Petitioner's request, the Court lacks jurisdiction in this habeas proceeding to grant such a motion. As mentioned, the habeas petition, which confers subject matter jurisdiction on this Court and defines the limits of the Court's power to proceed,

does not challenge any disciplinary proceedings in the federal prison where Petitioner is or has been incarcerated. Nor is the Court aware of any claims Petitioner has made regarding any federal constitutional violations resulting from prison disciplinary proceedings. Indeed, the instant motion contains the first and only reference to any such disciplinary proceedings. From this one fleeting reference, the Court is unable to discern *any* relation, legal or factual, between the claims raised in the habeas petition and the requests made in the instant motion.

As mentioned previously a federal prisoner challenging the manner, location, or conditions of his sentence's execution may indeed bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. E.g., Capaldi, 135 F.3d at 1123; Tubwell, 37 F.3d at 177; Kingsley, 937 F.2d at 30 n.5; Jalili, 925 F.2d at 893-894; Brown v. United States, 610 F.2d at 677.

Without question, Petitioner could have chosen to file a habeas claim regarding alleged constitutional violations during the course of prison disciplinary hearings. However, because no such claim has been made by Petitioner, the Court presently has no habeas jurisdiction to grant a motion derivative of such disciplinary hearings. For this reason as well, Petitioner's motion must be DENIED.

**ORDER**

Accordingly, the Court HEREBY ORDERS that Petitioner's Motion for Mandamus and Prohibition, which the Court construes as a motion to produce documents (Doc. 2), is DENIED.

**RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by

mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 11, 2006**                                    **/s/ Theresa A. Goldner**
**j6eb3d**                                                                          UNITED STATES MAGISTRATE JUDGE